**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffoni Hurt, et al., | ) | CASE NO. 1:25 CV 2722 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Metropolitan Life Insurance Company, | ) | |
| | ) | <u>Memorandum Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Metropolitan Life Insurance Company's

Motion to Dismiss Plaintiffs' Complaint. (Doc. 8.) This is a federal insurance contract benefits case.

For the reasons that follow, Metropolitan Life Insurance Company's Motion to Dismiss Plaintiff's

Complaint is GRANTED.

**FACTS**

For purposes of ruling on the pending motion to dismiss, all well-plead factual allegations in

plaintiff's Complaint (Doc. 1) are presumed true. Denise Owens (the "Insured") began working for

the United States Postal Service (the "USPS") in 1984. In February 2025, the Insured was

hospitalized after a cancer diagnosis. Although the Insured "stopped actively working" during her

hospitalization and was "in the process of retiring from the USPS," she remained employed by the USPS at the time of her death on April 10, 2025.

As an employee of the USPS, the Insured was covered under the Federal Employees' Group Life Insurance ("FEGLI") policy. Defendant Metropolitan Life Insurance Company ("MetLife") administers the claims process of the FEGLI program for the federal government.

On March 28, 2025, the Insured executed a beneficiary designation form (the "Designation"), which named plaintiffs Tiffoni Hurt, Samuel Foster, Terri-Hurt Collins, and Shyla Armstrong (together, "Plaintiffs") each a 25% beneficiary of her FEGLI death benefit. The Designation was signed by two people who witnessed the Insured sign the Designation. The Insured then mailed the Designation to the Office of Personnel Management ("OPM"). OPM received the Designation on April 9, 2025. The Insured died on April 10, 2025.

After the Insured's death, Plaintiffs submitted claims for the FEGLI death benefit. MetLife denied Plaintiffs' claims because the Designation "was not received by the employing agency prior to the death of [the Insured]" and, thus, the death benefit was instead payable to the Insured's widower. In turn, Plaintiffs filed this action seeking a declaratory judgment that they are entitled to the Insured's FEGLI death benefit. MetLife has now moved to dismiss the complaint. Plaintiffs oppose the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430

(6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

**ANALYSIS**

FEGLI is established and governed by the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701 et seq. ("FEGLIA"). Congress enacted the FEGLIA in 1954, "to provide low-cost group life insurance to Federal employees." *Hillman v. Maretta*, 569 U.S. 483, 486 (2013) (quotation marks omitted).

Relevant here, FEGLIA mandates the "order of precedence" for distributing any death benefits in force on an employee at the date of the employee's death: "[f]irst to the beneficiary or beneficiaries designated by the employee . . . . Second, if there is no designated beneficiary, to the widow or widower of the employee. . . ." 5 U.S.C. § 8705(a) (detailing the order of precedence from first to sixth). Importantly, the statute mandates that any beneficiary designation must be "a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. . . . "[A] designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect. *Id. See Graber v. Metropolitan Life Ins. Co.*, 855 F. Supp. 2d 673, 675 (N.D. Ohio 2012) ("Notably, the FEGLIA statute requires that a properly executed beneficiary designation form must be 'received before death in the employing office' to be effective." (quoting 5 U.S.C. § 8705(a))).

Here, for the Designation to be valid under the plain language of the FEGLIA statute, it had to be signed, witnessed, and received by her employing office before her death. As an employee of the USPS at the time of her death, the USPS was her "employing office." In their Complaint, Plaintiffs allege that the Designation was signed and witnessed, but they concede the Designation was not received by the USPS before the Insured's death. Rather, the Insured sent the Designation to OPM. For this reason, Plaintiffs' claims fail. They have no valid claim for the Insured's death benefits and their Complaint must be dismissed.

Plaintiffs' arguments to the contrary are unavailing. They acknowledged that courts should strictly construe whether an employee met the requirements of the FEGLIA statute but then ask this Court to deem the Insured's subjective intentions and reliance on her agency's misguidance

4

superior to the plain text of the law. Plaintiffs have not provided any legal authority in support of their position.[1] Contrary to their unsupported contention, nothing in the FEGLIA statute or the USPS FEGLI manual empowers the employing office to determine and approve the appropriate office for a beneficiary change form. Rather, as discussed above, the FEGLIA statute's plain language clearly outlines which office must receive a designation form to make it valid. *See Bonner v. Metropolitan Life Ins. Co.*, 621 F.3d 530, 533 (6th Cir. 2010) ("This Court has previously recognized that in the 1966 amendments to FEGLI, Congress, on administrative efficiency grounds, abolished the manifest intent test. In so doing, Congress created an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case." (citations and quotation marks omitted)).

**<u>CONCLUSION</u>**

For all the aforementioned reasons, Metropolitan Life Insurance Company's Motion to Dismiss Plaintiffs' Complaint is GRANTED.


IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge


Date: 5/1/2026

---

[1] Plaintiffs cite a number of cases in their opposition brief, none of which hold, or even suggest, as Plaintiffs submit, that this Court can disregard the FEGLIA statute's clear requirement that the Designation had to be received by the USPS before the Insured's death. At most, these cases suggest that courts can interpret ambiguous language in the statute in favor of the insured. Here, the relevant language in the FEGLIA statute is not ambiguous.